UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY  (#98765)

VERSUS                                                          CIVIL ACTION

LT. COL. CLYDE SPAIN, ET AL                        NUMBER 07-854-RET-DLD

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in Baton Rouge, Louisiana, on March 10, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY  (#98765)

VERSUS                                                                                  CIVIL ACTION

LT. COL. CLYDE SPAIN, ET AL                                   NUMBER 07-854-RET-DLD

## MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion for Partial Summary Judgment for Failure to Exhaust Administrative Remedies.  Record document number 15.  The motion is opposed.[1]

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Col. Clyde Spain, Sgt. Donald Derosin and Sgt. Anderson Childs.  Plaintiff alleged that he was issued false disciplinary reports, was subjected to an excessive use of force, and mental health personnel were not contacted before the plaintiff was sprayed with mace in violation of his constitutional rights.

Defendants moved for partial summary judgment relying on a statement of undisputed facts and the results of Administrative Remedy Procedures (hereinafter ARP) HCC-2007-351.

Summary judgment is appropriate where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  Rule 56,

---

[1] Record document number 16.

Fed.R.Civ.P. Supporting affidavits must set forth facts which would be admissible in evidence. Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e).

Plaintiff alleged that on March 4, 2007, Col. Spain woke him up, told him to put on his jumpsuit and to make up his bed. Plaintiff alleged that he refused to comply with Col. Spain's orders. Plaintiff alleged that Col. Spain ordered the plaintiff to pack his belongings because he was being placed in a "tank cell." Plaintiff alleged that on March 8, 2007, while he was asleep in his cell he was sprayed in the face with mace by Col. Spain. Plaintiff alleged that Sgt. Childs placed him in handcuffs and shackles and then Col. Spain sprayed him in the eyes with a can of mace and then rammed his head into a brick wall. Plaintiff alleged that the defendants beat him without provocation for approximately 15 minutes. Plaintiff alleged that following the beating he was escorted to the prison infirmary by Col. Spain. Plaintiff alleged that Col. Spain issued him several false disciplinary reports as a result of the incident. Plaintiff alleged that Col. Spain sprayed him with mace before contacting mental health personnel. Plaintiff alleged Col. Spain denied the plaintiff's request to be transferred to the state penitentiary.

Defendants moved for summary judgment on the grounds that the plaintiff failed to exhaust available administrative remedies before filing suit.

Section 1997e of Title 42 of the United States Code provides in pertinent part as follows:

> (a) Applicability of Administrative Remedies.--No action shall be brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. 1983), or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Under 42 U.S.C. § 1997e(a), a prisoner must exhaust available administrative remedies before filing a § 1983 suit and is precluded from filing suit while the administrative complaint is pending.  *Clifford v. Gibbs*, 298 F.3d 328, 332 (5th Cir. 2002); *Underwood v. Wilson*, 151 F.3d 292, 296 (5th Cir. 1998), *abrogated in part* by *Jones v. Bock*, ___ U.S. ___ , 127 S.Ct. 910 (2007) (abrogating the holding that a district court may dismiss a civil complaint *sua sponte* for failure to exhaust); *Wendell v. Asher*, 162 F.3d 887, 891 (5th Cir. 1998); *Harris v. Hegmann*, 198 F.3d 153, 157 (5th Cir. 1999).  A prisoner must exhaust his administrative remedies by complying with applicable prison grievance procedures before filing a suit related to prison conditions.  *Johnson v. Johnson*, 385 F.3d 503, 514 (5th Cir. 2004).  Not only must the prisoner exhaust all available remedies, but such exhaustion must be proper, including compliance with an agency's deadlines and other critical procedural rules.  *Woodford v. Ngo*, ___ U.S. ___, 126 S.Ct. 2378, 2386 (2006). Because § 1997e(a) expressly requires exhaustion, prisoners may not deliberately bypass the administrative process by flouting an agency's procedural rules.  *Id.*, 126 S.Ct. at 2389-90.  The 42 U.S.C. § 1997e(a) exhaustion requirement is mandatory, irrespective of the forms of relief sought and offered through administrative avenues. *Days v. Johnson*, 332 F.3d 863, 866 (5th Cir. 2003).

Plaintiff alleged that he exhausted the claims raised in his complaint through ARP HCC-2007-351 and disciplinary board appeal HCC-07-140.[2]  The summary judgment

---

[2] HCC-2007-140 was not filed in the record in response to the court's 30 day stay order and it was not attached to the defendants' motion for partial summary judgment.  However, a copy of HCC-2007-140 appeal decision dated April 19, 2007, was attached as an exhibit to the plaintiff's complaint.  See, record document number 2, p.32.

evidence showed that the plaintiff filed HCC-2007-351 on March 20, 2007. Plaintiff complained that on March 8, Col. Spain and two unidentified officers sprayed him with mace and beat him. Plaintiff alleged that following the incident he was taken to the infirmary for treatment.

The record evidence further showed in HCC-2007-140 the plaintiff appealed the decision of the disciplinary board regarding a disciplinary report issued March 4, 2007. This disciplinary board appeal is unrelated to the allegedly false disciplinary reports issued March 8, 2007.

The summary judgment evidence showed that the plaintiff failed to exhaust available administrative remedies regarding his claims that on March 8, 2007, he was issued false disciplinary reports, he was sprayed with mace before mental health personnel were contacted and he was denied a transfer to the state penitentiary.

## RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion for partial summary judgment be granted dismissing all of the plaintiff's claims except that on March 8, 2007, the plaintiff was sprayed with mace and was beaten in violation of his Eighth Amendment rights.

Signed in Baton Rouge, Louisiana, on March 10, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**