UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

WILLIE FOLEY  (#98765)

VERSUS                                                CIVIL ACTION

LT. COL. CLYDE SPAIN, ET AL                    NUMBER 07-854-RET-DLD

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U. S. District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have ten days after being served with the attached report to file written objections to the proposed findings of fact, conclusions of law, and recommendations set forth therein.  Failure to file written objections to the proposed findings, conclusions and recommendations within ten days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.

ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

Signed in Baton Rouge, Louisiana, on April 16, 2008.

**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


WILLIE FOLEY  (#98765)

VERSUS                                          CIVIL ACTION

LT. COL. CLYDE SPAIN, ET AL                     NUMBER 07-854-RET-DLD


MAGISTRATE JUDGE'S REPORT

Before the court is the defendants' Motion to Dismiss.  Record document number 14.

Pro se plaintiff, an inmate confined at Hunt Correctional Center, St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Lt. Col. Clyde Spain, Sgt. Donald Derosin and Sgt. Anderson Childs.  Plaintiff alleged that he was subjected to an excessive use of force in violation of his constitutional rights.[1]

Defendants moved to dismiss the plaintiff's official capacity claims for failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), Fed.R. Civ. P.

Subsection (c)(1) of 42 U.S.C. § 1997e provides the following:

> (c) Dismissal.--(1) The court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under section 1979 of the Revised Statutes of the United States (42 U.S.C. § 1983), or any other  Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which

---

[1]    Plaintiff's claims that he was issued false disciplinary reports and mental health personnel were not contacted before he was sprayed with mace were previously dismissed for failure to exhaust available administrative remedies.  Record document number 19.

relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.

The court must accept as true the plaintiff's allegations and may not dismiss the complaint for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim which would entitle him to relief. *Boudeloche v. Grow Chemical Coatings Corp.*, 728 F. 2d 759 (5th Cir. 1984).

In order to overcome a motion to dismiss filed under Rule 12(b)(6) a plaintiff's complaint should "contain either direct allegations on every material point necessary to sustain a recovery ... or contain allegations from which an inference may fairly be drawn that evidence on these material points will be addressed at trial." *Campbell v. City of San Antonio*, 43 F.3d 973, 975 (5th Cir. 1995) (citation omitted). Plaintiff's complaint should not simply contain a litany of conclusory allegations, but must be pled with a certain level of factual specificity. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

The primary issue at this stage of the proceedings is not whether the plaintiff will ultimately prevail, but whether the substantive nature of the allegations raised in the complaint are such that the plaintiff "is entitled to offer evidence to support his claim." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

Plaintiff brought this action against the defendants in both their individual and official capacities. Defendants moved, on the basis of Eleventh Amendment immunity, to dismiss the plaintiff's claims against them insofar as the plaintiff sued them in their official capacity.

The distinction between personal and official capacity suits was clarified by the U.S. Supreme Court in *Hafer v. Melo, et al,* 502 U.S. 21, 112 S.Ct. 358 (1991). A suit against

a state official in his official capacity is treated as a suit against the state.  *Id.*, 502 U.S. at 25, 112 S.Ct. at 361, *citing Kentucky v. Graham*, 473 U.S. 159, 166, 105 S.Ct. 3099, 3105 (1985).  Because the real party in interest in an official-capacity suit is the governmental entity and not the named individual, the "entity's `policy or custom' must have played a part in the violation of federal law." *Graham, supra*, at 166, 105 S.Ct. at 3105.

Personal capacity suits, on the other hand, seek to impose individual liability upon a government officer for actions taken under of color of state law.  A showing that the official, acting under color of state law, caused the deprivation of a federal right is enough to establish personal liability in a § 1983 action.  *Hafer*, 502 U.S. at 25, 112 S.Ct. at 362.

*Will v. Michigan Department of State Police*, 491 U.S. 58, 109 S.Ct. 2304 (1989), makes it clear that the distinction between official-capacity suits and personal-capacity suits is more than a "mere pleading device."  Officers sued in their personal capacity come to court as individuals.  However, a state official in his or her official capacity, when sued for injunctive relief, would be a person under § 1983 because official capacity actions for prospective relief are not treated as actions against the state.  *Will*, 491 U.S. at 71, 109 S.Ct. at 2311, n. 10, *quoting Kentucky v. Graham*, 473 U.S. at 167, 105 S.Ct. at 3106, n. 14.

Therefore, the plaintiff may recover money damages against the defendants insofar as the defendants were sued in their individual capacity for actions taken by them under color of state law which caused the deprivation of the plaintiff's constitutional rights.  Because the plaintiff did not seek prospective injunctive relief against the defendants in their official capacity, his official capacity claim is not actionable under § 1983.

3

RECOMMENDATION

It is the recommendation of the magistrate judge that the defendants' motion to dismiss be granted dismissing the plaintiff's claims against the defendants in their official capacity and this matter be referred back to the magistrate judge for further proceedings on the plaintiff's excessive force claim.

Signed in Baton Rouge, Louisiana, on April 16, 2008.

_____

**MAGISTRATE JUDGE DOCIA L. DALBY**